PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALICE TRAYLOR, | ) |
|     Plaintiff, | ) CASE NO. 5:18CV366 |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| ANTHONY O' LEARY, *et al.*, | ) |
|     Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 2 and 3] |

*Pro se* Plaintiff Alice Traylor filed this action against Defendants the Akron Metropolitan Housing Authority ("AMHA"), AMHA Director Anthony O'Leary, and AMHA Employee Linda Schnitzer. ECF No. 1. In the Complaint, Plaintiff alleges that Defendants have been slow to respond to her housing complaints. *Id*. Plaintiff states she is bringing a discrimination claim. *Id.* at PageID#: 5. Plaintiff seeks relief in the form of monetary damages and a Court Order requiring that Defendants provide her with a Section 8-certified, two-bedroom bungalow. *Id.* at PageID#: 6.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2) and a Motion for Appointment of Counsel (ECF No. 3).

(5:18CV366)

## I. Background

Plaintiff contends that in 2012, she and her grandson lived in an AMHA apartment.[1] ECF No. 1. Plaintiff alleges that, she complained to AMHA authorities about the high noise levels of tenants who lived above her, and how they rubbed her car with Jell-O pudding and poured water on her patio furniture. *Id.* In response to Plaintiff's complaints, AMHA authorities recommended that Plaintiff and her grandson move to a townhouse. *Id.* Initially, Plaintiff was reluctant to move because she could not afford to hire movers. *Id.* She claims that once AMHA agreed to move her, she then agreed to the move and relocated to the townhouse on December 7, 2012. *Id.* Plaintiff alleges that some of her furniture and appliances were damaged by the movers and AMHA would not replace the damaged items. *Id.* Plaintiff also claims that Defendants failed to replace the dirty carpet in the townhouse. *Id.* Lastly, Plaintiff alleges laminate flooring contains carcinogens, so it is possible the Defendants suggested replacing the carpet with laminate flooring. *Id.* Plaintiff indicates she is asserting a claim of discrimination based on Defendants' conduct. *Id.*

Prior to the instant action, Plaintiff filed a civil rights action against the same Defendants based on these same facts. *See Traylor v. AMHA*, No. 5:17CV602 (N.D. Ohio June 30, 2017). In that action, Plaintiff asserted Defendants discriminated against her but did not allege facts to support that statement. *See id.* Therefore, the Court dismissed that action under 28 U.S.C. § 1915(e) for failure to state a claim, indicating Plaintiff had not alleged a basis for discrimination,

---

[1] Parties shall refrain from including, or shall partially redact where inclusion is necessary, personal data identifiers, such as names of minor children, from all documents filed with the Court, including exhibits thereto. L.R. 8.1.

(5:18CV366)

nor had she alleged how she was treated differently from others who were not in the same protected class. *Id.* Plaintiff attempted to appeal that decision, but her appeal was dismissed as untimely by the United States Sixth Circuit Court of Appeals on January 5, 2018. *Id.* Plaintiff has now filed an identical action before the Court asserting the same claim against the same Defendants.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

3

(5:18CV366)

Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. Law and Analysis

As an initial matter, the Complaint suffers from the same fatal defects as the pleading Plaintiff filed in Case No. 5:17CV602. Plaintiff asserts, without much explanation, that she was the victim of discrimination. The Court is aware that, at this stage, Plaintiff is not required to plead her discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513–14, 122 S.Ct. 992, 998–99, 152 L.Ed.2d 1 (2002). Nevertheless, the Supreme Court clarified that a plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint never rises above the speculative level. The Court is left to guess at the alleged basis for discrimination (race, age, gender, national origin) and why she thinks she was treated differently than others who are not in this classification. This is not sufficient to

4

(5:18CV366)

cross the threshold of basic pleading requirements in federal court. *See* Fed. R. Civ. P. 8 (a complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations"); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and the court is not required to accept unwarranted factual inferences). Without more than a conclusory statement suggesting the possibility of discrimination, Plaintiff's Complaint fails to state a federal claim for relief.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). Because this action is dismissed, Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is denied as moot or otherwise not actionable. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| June 19, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |